## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

ELBERT KIRBY, JR. and )
KAY KIRBY, )
                          )
     Plaintiffs, )
                          )
v. )         Case No. 15-CV-034-JHP-TLW
                          )
RICHARD D. WHITE, JR., )
KARA PRATT, )
BARBER & BARTZ, PC, )
ASSET ACQUISITION GROUP, LLC, )
                          )
     Defendants. )

## OPINION AND ORDER

Before the Court are (1) Defendants Richard D. White, Jr., Kara Pratt, Barber & Bartz, PC, and Asset Acquisition Group, LLC's Motion for Summary Judgment (Doc. No. 48), (2) Plaintiffs Elbert Kirby, Jr. and Kay Kirby's Motion for Summary Judgment (Doc. No. 56), and (3) Plaintiffs Elbert Kirby, Jr. and Kay Kirby's Second Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment (Doc. No. 58). After consideration of the briefs, and for the reasons stated below, Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiffs' Motions are **DENIED**.

## BACKGROUND

Plaintiffs Elbert Kirby, Jr. ("Mr. Kirby") and Kay Kirby (together, "Plaintiffs"), proceeding *pro se* and *in forma pauperis*, brought this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, to recover against the Defendants for alleged FDCPA violations. Plaintiffs' Complaint (Doc. No. 2) provides no factual detail regarding the alleged FDCPA violations, but alleges all Defendants are debt collectors who failed to advise Plaintiffs of

their due process rights reserved at 15 U.S.C. § 1692g "by failing and refusing to validate an alleged debt after repeated, timely requests to do so." (Doc. No. 2, at 1-2, 4). Plaintiffs further allege all Defendants repeatedly violated 15 U.S.C. § 1692e "by making false and misleading representations of an alleged debt including the status of an alleged debt and filing a time-barred suit of an alleged debt" and by "repeatedly ignor[ing] available proof that the alleged debt was not prosecuted in the name of the real party in interest as the original lender or holder in due course and also ignoring the suit is without the statute of limitations." (*Id.* at 2-4). Plaintiffs also allege Defendants attempted to take property "via sham judicial proceedings and threatening imprisonment." (*Id.* at 4).

The parties have now filed cross-motions for summary judgment. (Doc. Nos. 48, 56). Based on Defendants' Motion for Summary Judgment (Doc. No. 48), it is evident this case stems from Mr. Kirby's nonpayment on an automobile lease agreement. (*See* Doc. No. 48-2 (Motor Vehicle Lease Agreement, Aug. 14, 2006); Doc. No. 48-8 (Letter from BMW Financial Services to Mr. Kirby, July 27, 2009)). The lease transaction for the 2006 BMW X5 automobile was financed by BMW Financial Services, which perfected a lien on the vehicle. (Doc. No. 48, at 2 (Undisputed Fact No. 2); Doc. No. 48-5 (BMW Financial Services Consumer Credit Application); Doc. No. 48-6 (Application for Oklahoma Certificate of Title for a Vehicle)).[1]

On July 27, 2009, BMW Financial Services sent Mr. Kirby a Final Demand Notice, notifying Mr. Kirby his account was in default and may be turned over to collection if he did not remit full payment within ten days of the Notice. (Doc. No. 48-8). The vehicle was later repossessed and sold at auction. (Doc. No. 48, at 3 (Undisputed Fact No. 4)). On October 20,

---

[1] Apart from general objections, which are addressed below, Plaintiffs offer no meaningful responses to Defendants' Undisputed Material Facts or supporting evidence. Accordingly, the Court considers Defendants' Undisputed Material Facts to be admitted.

2009, BMW Financial Services sent Mr. Kirby a letter titled, "Auction Breakdown," in which Mr. Kirby was notified of the sale and deficiency balance due of $9,971.27.  (Doc. No. 48-9).  The letter stated payment was due within fourteen days after the date of the letter, and the account may be assigned to a third party for continued collection activity if payment was not made or other arrangements agreed to within that time.  (*Id.*).

On March 30, 2012, BMW Financial Services and BMW Bank of North America assigned their right to Mr. Kirby's account to Defendant Asset Acquisition Group, LLC.  ("AAG").  (Doc. No. 48-10).  On August 10, 2012, AAG contacted Mr. Kirby, who requested verification of the debt.  (Doc. No. 48, at 3 (Undisputed Fact No. 6); Doc. No. 48-11 (Letter from AAG to Elbert Kirby, Aug. 10, 2012)).  On August 10, 2012, AAG sent Mr. Kirby a letter disclosing the prior creditor, prior account number, and current balance, along with related documentation including the Lease Agreement, Consumer Credit Application, previous correspondence from BMW Financial Services, and the Assignment to AAG.  (Doc. No. 48-11).

On November 16, 2012, attorney Christopher J. Petersen sent Mr. Kirby a letter advising him that his account had been referred to Mr. Petersen's law firm for collection.  (Doc. No. 48-12).  The letter advised Mr. Kirby, in bold capital letters, of his right to dispute the validity of the debt within thirty days and of his right to receive verification of the debt.  (*Id.*).  The letter also stated that it was an attempt to collect a debt, and that the communication was from a debt collector. (*Id.*). On December 11, 2012, Mr. Kirby responded to Mr. Petersen's letter by asking him to "cease all communications with me in regard to the debt referenced above" and by "formally disput[ing] the validity of this debt."  (Doc. No. 48-13).  In his letter, Mr. Kirby also posed fourteen "questions" to Mr. Petersen to answer "in order that I might ascertain whether the alleged debt is indeed binding upon me and/or my spouse, if any."  (*Id.*).  Mr. Kirby notified Mr. Petersen that if

he did not provide the requested information within ten days, "I will consider the purported debt to be invalid, that you made a mistake, and that you agree to sanctions imposed against you and your organization for knowingly continuing a frivolous claim against me.  Your silence will be considered your acquiescence."  (*Id.*).

Collection on Mr. Kirby's account was then referred to Defendant Barber & Bartz.  (Doc. No. 48, at 4 (Undisputed Fact No. 9)).  On January 24, 2014, Defendant Richard D. White, Jr., of Barber & Bartz sent Mr. Kirby a letter advising him the account had been referred to Barber & Bartz for collection of $9,971.27.  (Doc. No. 48-14).  The letter contained the same notice as Mr. Petersen's letter regarding Mr. Kirby's rights to dispute the validity of the debt within thirty days and to receive verification of the debt.  (*Id.*).  On February 6, 2014, Mr. White caused a Petition to be filed in the District Court of Tulsa County on behalf of AAG against Mr. Kirby, seeking the sum of $9,971.27 for breach of contract.  (Doc. No. 48-15 (Petition in Case No. CS-2014-00844 (the "Tulsa County case"))).  On February 7, 2014, Mr. Kirby sent Mr. White a letter containing the same language as he had previously sent to Mr. Petersen on December 11, 2012.  (Doc. No. 48-16).  Mr. White responded to Mr. Kirby on February 11, 2014, by providing copies of documentation supporting the debt he had received from AAG.  (Doc. No. 48, at 5 (Undisputed Fact No. 12); Doc. No. 48-17).

Mr. Kirby did not answer or otherwise plead in the Tulsa County case, and a default judgment was entered against him on June 25, 2014.  (Doc. No. 48-19 (Journal Entry of Judgment in Tulsa County District Court Case No. CS-2014-00844)).  Mr. Kirby later attempted via motion to vacate the judgment in the Tulsa County case, but Mr. Kirby's motion was denied.  (Doc. No. 48-21 (Order denying Defendant's Motion to Vacate Default Judgment in Tulsa County District Court Case No. CS-2014-844)).  Mr. Kirby appealed the District Court's judgment, which the

4

Oklahoma Court of Civil Appeals denied on June 24, 2016, and affirmed again on rehearing on August 3, 2016. (*See* Doc. No. 55-1 (June 24, 2016 Order affirming trial court's order); Doc. No. 62-2 (Aug. 3, 2016 Opinion affirming trial court's order on rehearing)). Defendant Kara Pratt, an attorney with Barber & Bartz, participated in the Tulsa County case by causing certain filings to be made in that case. (*See* Doc. No. 48, at 6 (Undisputed Fact No. 17); Doc. No. 48-23).

Plaintiff Kay Kirby has not been the subject of any collection activities in this case. (Doc. No. 48, at 6 (Undisputed Fact No. 19)). On July 11, 2016, Defendants requested leave of Court to file a Supplemental brief in support of their Motion for Summary Judgment, which this Court granted. (Doc. No. 52; *see* Doc. No. 55). Plaintiffs filed a Response on August 15, 2016. (Doc. No. 59). Defendants did not file a reply brief.

On August 1, 2016, Plaintiffs filed a cross-Motion for Summary Judgment. (Doc. No. 56). Defendants filed a Response to Plaintiffs' Motion on August 22, 2016. (Doc. No. 62). Plaintiffs filed a Reply on August 30, 2016. (Doc. No. 64).

## DISCUSSION

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. However, a party opposing a motion for summary judgment may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).  Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52.

The Court further notes that, while *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure," and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## I.      Defendants' Motion for Summary Judgment

### A.      Plaintiffs' Second Application for an Extension of Time to Respond

As a threshold matter, the Court will address Plaintiffs' Second Application for an Extension of Time to Respond to Defendants' Motion for Summary Judgment. (Doc. No. 58).  On July 12, 2016, Plaintiffs requested a thirty-day extension of time to respond to Defendants' Motion for Summary Judgment, which this Court granted. (Doc. No. 52).  On August 15, 2015, Plaintiffs simultaneously filed a timely Response to Defendants' Motion for Summary Judgment (Doc. No. 59) and a Second Application for Extension of Time to Respond to Defendants' Motion for Summary Judgment (Doc. No. 58).  In their Application, Plaintiffs asserted Defendants have engaged in obstructive discovery conduct and boilerplate responses, which required an additional sixty days for a response.  (Doc. No. 58).  Plaintiffs' Application did not provide any specific facts

that need to be discovered in order for them to file an appropriate response to Defendants' Motion

for Summary Judgment. Defendants opposed any further extensions of time to respond, on the

ground that Plaintiffs already filed a Response to their Motion for Summary Judgment, which

mooted the Application for an extension of time to respond. (Doc. No. 61).

The Court agrees with Defendants that Plaintiffs have filed a Response to the Motion for

Summary Judgment, which diminishes their argument that additional time is required. Further,

Plaintiffs provided no specific reasons why they could not file a comprehensive response by the

already-extended deadline. The Court does not credit Plaintiffs' unsupported assertions that

Defendants have engaged in "obstructive discovery conduct" or "boilerplate responses."

Accordingly, Plaintiffs' Second Application for an Extension of Time to Respond (Doc. No. 58)

is denied, and the Court will proceed on the briefs already submitted with respect to Defendants'

Motion for Summary Judgment.

### B.       Plaintiffs' Rule 56 Objections

Next, the Court must address Plaintiffs' objections to the admissibility of evidence that

Defendants supplied as exhibits to their Motion for Summary Judgment (the "Exhibits"). Plaintiffs

assert Defendants' Statement of Undisputed Material Facts improperly relies upon inadmissible

evidence, which this Court may not consider on summary judgment. (Doc. No. 59, at 2). In

particular, Plaintiffs argue the contract pursuant to which Defendants claim Mr. Kirby is liable for

debt repayment (1) is not the original; (2) does not bear the authentic signature of either Plaintiff;

(3) is illegible; and (4) is not relevant to Mr. Kirby, because the name on the contract is "Elbert

Kirby, which is not a party to this case." (*Id.*). Plaintiffs further allege the Affidavit of Valerie

Petersen, Legal Manager of AAG, is inadmissible on the grounds it is "hearsay, [is] double

hearsay, lacks personal knowledge of any breach of contract, lack [*sic*] competence or personal

knowledge to authenticate exhibits, lacks the original exhibits, and has presented no evidence, facts, or testimony that either of the Plaintiffs are obligated to any alleged contract of the defendants." (*Id.*; *see* Doc. No. 48-1 (Affidavit of Valerie Petersen)).

The Court may review only admissible evidence in weighing a motion for summary judgment. *See Johnson v. Weld County*, 594 F.3d 1202, 1209 (10th Cir. 2010). After reviewing Plaintiffs' objections and applicable law, the Court rejects all of Plaintiffs' objections to the admissibility of Defendants' Exhibits

### 1.    Objections to Agreements

With respect to the agreements Defendants submitted as evidence that Mr. Kirby was subject to a debt to BMW Financial Services (Doc. Nos. 48-2, 48-5), Mr. Kirby contends they violate Rule 1002 of the Federal Rules of Evidence, also known as the "best evidence rule." That rule states that, unless otherwise provided, "[a]n original writing, recording, or photograph is required in order to prove its content." Fed. R. Evid. 1002. A notable exception to this rule exists for "duplicates." "A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. "A 'duplicate' means a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." Fed. R. Evid. 1001(e). Defendants' Exhibits are plainly duplicates of original documents, the content of which reveals Mr. Kirby signed a Motor Vehicle Lease Agreement.

Moreover, although Plaintiffs argue the documents are illegible, and "Elbert Kirby" is not a party to this case, Plaintiffs offer no evidence creating a "genuine question" as to the authenticity of the original—or of the duplicates—and identify no circumstances that would make the

8

admission of the duplicates unfair.  *See* Fed. R. Evid. 1003.  Plaintiffs also do not offer any evidence contradicting Defendants' Exhibits, and thus fail to identify a genuine issue of material fact precluding summary judgment on their claims.

### 2.      Objections to Defendants' Affidavit

Plaintiffs further object to Defendants' use of an affidavit to authenticate their Exhibits. Defendants authenticated Exhibits 2 through 17 through an affidavit completed by Valerie Petersen, Legal Manager of AAG.  (Doc. No. 48-1 (the "Affidavit")).  The Affidavit states that the documents attached to Defendants' Motion for Summary Judgment as Exhibits 2 through 17, inclusive, are all copies of documents which are in the business records of AAG.  (*Id.*).

To authenticate evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  Among the ways Rule 901(a) may be satisfied is the "[t]estimony of a [w]itness with [k]nowledge" that "an item is what it is claimed to be."  Fed. R. Evid. 901(b)(1).  At summary judgment, such testimony may come in the form of an affidavit.  *See* Fed. R. Civ. P. 56(c)(1)(A), *see also* 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2722 (4th ed.) (discussing materials considered on a motion for summary judgment).  Here, Defendants attached the Affidavit to their Motion in order to authenticate Exhibits 2 through 17.  (Doc. No. 48-1).  The Court finds Defendants have met their burden under Rule 901(a) to produce evidence that Exhibits 2 through 17 are authentic.  Accordingly, the Court rejects Plaintiffs' objection to Exhibits 2 through 17 on the basis of their authenticity.  Ms. Petersen also establishes her personal knowledge to authenticate the exhibits, based on her position as Legal Manager of AAG.  *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.").

Accordingly, the Court rejects Plaintiffs' objection to the Affidavit based on lack of personal knowledge.

The Court likewise rejects Plaintiffs' objections to Ms. Petersen's Affidavit as either hearsay or hearsay within hearsay. *See* Fed. R. Evid. 802, 805. "An out-of-court statement is considered 'hearsay' if it is offered 'to prove the truth of the matter asserted.'" *United States v. Brinson*, 772 F.3d 1314, 1322 (10th Cir. 2014) (quoting Fed. R. Evid. 801(c)(2)). Here, Ms. Petersen's Affidavit is not hearsay, because she does not attempt to prove the truth of the documents submitted as Exhibits, but rather attests that, based on her position at AAG, the documents submitted are copies of documents in AAG's business records.

### C.     Merits - Plaintiffs' Claims for Violations of the FDCPA

The Court now turns to the merits of Defendants' Motion for Summary Judgment. Plaintiffs allege the Defendants are liable for several violations of the FDCPA, 15 U.S.C. 1692 *et seq.* The elements of a cause of action under the FDCPA are: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the FDCPA; and (3) the defendant has either engaged in an activity prohibited by the FDCPA or has failed to perform a duty required by the FDCPA. *Russey v. Rankin*, 911 F. Supp. 1449, 1453 (D.N.M. 1995) (citing *Kolker v. Duke City Collection Agency,* 750 F. Supp. 468, 469 (D.N.M.1990)).

Here, Plaintiffs allege Defendants each violated 15 U.S.C. §1692g by continuing to engage in collection activity without previously advising Plaintiffs of their due process rights and by failing and refusing to validate an alleged debt after repeated, timely requests to do so. (Doc. No. 2, at 1-2 (First, Second, Third, and Fourth Causes of Action)). Plaintiffs further allege Defendants violated 15 U.S.C. § 1692e by making false and misleading representations of the alleged debt,

including the status of the debt, and by filing a time-barred lawsuit. (*Id.* at 2-4 (Fifth, Sixth, Seventh, and Eighth Causes of Action)). Plaintiffs allege Defendants repeatedly ignored available proof that the alleged debt was not prosecuted in the name of the real party in interest (the original lender or holder in due course) (*id.*), and Defendants attempted to take property via sham legal proceedings and threatening imprisonment. (*Id.* at 4). Plaintiffs further allege Defendants are debt collectors. (*Id.*).

In their Motion for Summary Judgment, Defendants argue none of these allegations has any factual or legal foundation, and Defendants are entitled to summary judgment on all of Plaintiffs' claims.

### 1.      Plaintiff Kay Kirby

First, Defendants argue the facts of this case do not even suggest Plaintiff Kay Kirby has a colorable claim under the FDCPA. The Court agrees. Under the FDCPA, a "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Under this definition, Kay Kirby is not a "consumer" who can bring an FDCPA claim. Kay Kirby's name does not appear on any documentation related to Mr. Kirby's debt to BMW Financial Services, nor does Kay Kirby offer any evidence that she was obliged to pay the debt or that she was the object of collection activity taken against her. Indeed, Kay Kirby's relationship to Mr. Kirby is entirely unclear. It is clear, however, that Kay Kirby has no involvement in this case and no entitlement to relief under the FDCPA. *See Fouts v. Express Recovery Servs., Inc.*, 602 F. App'x 417, 423 (10th Cir. 2015) (finding debtor's ex-wife, who was not obligated to pay debt, was not a "consumer" under the FDCPA). Plaintiffs offer no response to Defendants' argument on this issue. Accordingly, Defendants are entitled to summary judgment in their favor with respect to all claims brought by Kay Kirby.

### 2.      Defendant Kara Pratt (Second and Sixth Causes of Action)

Second, Defendants argue there is no claim against Defendant Kara Pratt, because

Plaintiffs have no evidence that Ms. Pratt participated in the events of this case, other than by

attempting to enforce the judgment in the Tulsa County case.  Defendants argue that, without more,

this conduct does not rise to the level of an FDCPA violation.  Again, the Court agrees.  Lawful

actions to collect a judgment do not violate the FDCPA.  *See Davis v. Nebraska Furniture Mart,*

*Inc.*, 567 F. App'x 640, 643 (10th Cir. 2014).  There is no evidence Ms. Pratt participated in the

initial contacts or debt validation communications with Mr. Kirby, or that she made any false or

misleading representations in connection with her enforcement activities.  Plaintiffs do not respond

to Defendants' argument on this issue.  Accordingly, Ms. Pratt is entitled to summary judgment

on all claims against her.

### 3.      Failure to Advise Mr. Kirby of His Rights Under 15 U.S.C. § 1692g (First, Third, and Fourth Causes of Action)

Pursuant to 15 U.S.C. § 1692g(a), a consumer has certain notification rights, specifically:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(**1**) the amount of the debt;

(**2**) the name of the creditor to whom the debt is owed;

(**3**) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(**4**) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Defendants argue the letters sent to Mr. Kirby with respect to his debt fully complied with these notification requirements. Based upon review of the record, the Court agrees that Defendants satisfied their notification requirements under 15 U.S.C. § 1692g(a) and that no reasonable juror could find in Mr. Kirby's favor as a matter of law.

The record shows that on August 10, 2012, following Mr. Kirby's request for verification of the debt, AAG sent Mr. Kirby a letter disclosing the amount of the debt, the name of the creditor to whom the debt was owned, the name of the prior creditor and account number, and supporting documentation regarding the debt. (Doc. No. 48, at 3 (Undisputed Fact No. 6); Doc. No. 48-11). Christopher J. Petersen later followed-up with a notification letter to Mr. Kirby, which again provided the amount of the debt, the name of the prior creditor, and a notification that Mr. Kirby had thirty days to dispute the validity of the debt or any portion thereof. (Doc. No. 48-12). After Mr. Kirby requested verification of the debt, Richard White at Barber & Bartz sent another letter to Mr. Kirby, which again provided the amount of the debt, the name of the prior creditor, and the same notification of rights that Mr. Petersen had provided. (Doc. No. 48-14). After Mr. Kirby again requested verification of the debt, Mr. White responded by providing the requested documentation verifying the debt. (Doc. No. 48-17). Accordingly, the correspondence from AAG, Barber & Bartz, and Richard White satisfied the notification requirements of § 1692g(a).

Mr. Kirby does not respond directly to Defendants' arguments or evidence, but rather repeats his allegations in the Complaint and asserts that Defendants deny they are debt collectors, that the contract is void and unassignable, and that no contract exists between him and Defendants.

Mr. Kirby argues these assertions raise disputed issues of material fact, but he offers no evidence in support of his assertions or in contradiction to Defendants' evidence. As explained above, a party opposing a motion for summary judgment may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Mr. Kirby cannot avoid summary judgment simply with unsupported allegations that disputed material facts exist. Accordingly, Defendants are entitled to summary judgment on Mr. Kirby's claims for violations of 15 U.S.C. § 1692g(a).

### 4.    Failure or Refusal to Validate an Alleged Debt Despite Requests to Do So (First, Third, and Fourth Causes of Action)

Pursuant to 15 U.S.C. § 1692g(b), a debt collector must cease collection of a debt "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor." Collection activities must cease "until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." *Id.* Collection activities may continue during the above thirty-day period "unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor." *Id.*

Here, AAG provided Mr. Kirby with the documentation verifying the debt on August 10, 2014. (Doc. No. 48-11). This information complied with the FDCPA. Although Mr. Petersen did not verify the debt after Mr. Kirby requested it, Mr. Petersen did not violate § 1692g(b) because

he took no further collection action after Mr. Kirby sent his request. Mr. White at Barber & Bartz responded to Mr. Kirby's third request for verification on February 11, 2014 (*see* Doc. No. 48-17), and he did not undertake further collection activity until after providing the verifying documentation.

Moreover, Mr. White and AAG's suit against Mr. Kirby did not itself violate the FDCPA, because a debt collector is "perfectly free" to sue a debtor within thirty days after the initial communication within the validation period. *Kalebaugh v. Cohen, McNeile & Pappas, PC*, 76 F. Supp. 3d 1251, 1259 (D. Kan. 2015) (quoting *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 416 (7th Cir. 2005)) (quotation marks omitted). *See Maynard v. Cannon*, 401 F. App'x 389, 397 (10th Cir. 2010) (finding § 1692 "only prohibits *further* debt collection until the debt has been verified."). Indeed, Mr. Petersen and Mr. White were under no obligation to re-verify the debt to Mr. Kirby, as AAG had already done so. A debtor cannot forestall collection efforts by repeating the same unsubstantiated assertions and thereby argue the debt is "disputed," because it would make debts effectively uncollectable. *See Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 402, 410 (E.D.N.Y. 2012) ("Plaintiff's debt already had been verified for purposes of the FDCPA").

Again, Mr. Kirby does not respond directly to Defendants' arguments or evidence regarding his alleged § 1692g(b) violations, but rather responds with unsubstantiated allegations that disputed issues of material fact exist. Mr. Kirby's unsupported allegations are insufficient to overcome Defendants' evidence in support of summary judgment on the issue of § 1692g(b) violations. *See* Fed. R. Civ. P. 56(c). Accordingly, Defendants are entitled to summary judgment on Mr. Kirby's claims for violations of 15 U.S.C. § 1692g(b).

**5.      Misrepresentation of the Status of an Alleged Debt and Filing a Time-Barred Suit to Collect It (Fifth, Seventh, and Eighth Causes of Action)**

Under 15 U.S.C. § 1692e(2)(A), a debt collector is prohibited from making false representations of the "character, amount, or legal status of any debt." Defendants argue no such misrepresentations occurred in this case, and Mr. Kirby has identified no such misrepresentations. In his Response brief, Mr. Kirby asserts Defendants claimed he owed a debt which was not his, but Mr. Kirby does not point to any evidence to counter Defendants' documentation indicating Mr. Kirby's debt was verified as belonging to AAG. After thorough review of the evidence, the Court can identify no evidence of false representations made by any Defendant. Mr. Kirby fails to raise any genuine issue of material fact on these claims. Accordingly, Defendants are entitled to summary judgment on Mr. Kirby's claims for violations of 15 U.S.C. § 1692e.

Likewise, Defendants are entitled to summary judgment with respect to Mr. Kirby's claim that Defendants filed a time-barred suit. Under Oklahoma law, the statute of limitations for filing a suit based on a written contract is five years. OKLA. STAT. tit. 12, § 95(A)(1). BMW Financial Services declared Mr. Kirby's account to be delinquent on July 27, 2009. (*See* Doc. No. 48-8). Therefore the statute of limitations did not run until July 27, 2014. AAG filed its suit against Mr. Kirby on February 6, 2014, which was within the statute of limitations. (*See* Doc. No. 48-15). Mr. Kirby offers no contradictory evidence or other meaningful response in his Response brief regarding the statute of limitations. Summary judgment in Defendants' favor is appropriate on these claims.

**6.     Ignoring Available Proof that the Alleged Debt Was Not Prosecuted in the Name of the Real Party In Interest (Fifth, Seventh, and Eighth Causes of Action)**

Under Oklahoma law, a case must be prosecuted in the name of the real party in interest. OKLA. STAT. tit. 12, § 2017(A).  The real party in interest is the party who is legally entitled to the proceeds of the claim in the litigation.  *All Comp Constr. Co., LLC v. Ford*, 999 P.2d 1122, 1123 (Okla. Civ. App. 2000).  This requirement ensures the defendant will not be later subjected to a second suit based on the same cause of action.  *Boston Avenue Mgmt., Inc. v. Assoc. Resources, Inc.*, 152 P.3d 880, 887 (Okla. 2007).  Here, Defendants have offered uncontroverted evidence showing that BMW Financial Services absolutely assigned Mr. Kirby's debt to AAG, pursuant to an assignment agreement governed by Ohio law.  (Doc. No. 48-10).  Under Ohio law, an unqualified assignment transfers to the assignee all of the assignor's interest in the thing assigned, *Leber v. Buckeye Union Ins. Co.*, 708 N.E.2d 726, 733 (Ohio App. 1997), which renders the assignee the real party in interest in a lawsuit.  Therefore, AAG was the real party in interest and was entitled to prosecute the Tulsa County case against Mr. Kirby.  In his Response brief, Mr. Kirby offers no evidence to contradict the validity of the assignment agreement, nor does he explain what "available proof" Defendants ignored in pursuing collection of Mr. Kirby's debt.  Mr. Kirby fails to raise a genuine issue of material fact on these claims.  Accordingly, Defendants are entitled to summary judgment in their favor on these claims.

**7.     Attempting to Take Property Via Sham Judicial Proceedings and Threatening Imprisonment**

Finally, Mr. Kirby claims the Defendants attempted to take his property via sham judicial proceedings and threatened imprisonment.  (Doc. No. 2, at 4).  The FDCPA prohibits a debt collector from using:

> [t]he representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

15 U.S.C. § 1692e(4).  Here, there is no evidence suggesting that any Defendant threatened Mr. Kirby with arrest or imprisonment.  As Defendants point out, a warrant was issued for Mr. Kirby in the Tulsa County case for contempt of court, when Mr. Kirby failed to appear as a judgment debtor in the case.  (Doc. Nos. 48-3, 48-24).  Such a warrant is authorized under Oklahoma law and does not violate the FDCPA.  *See* OKLA. STAT. tit. 12, § 842(A); *Davis v. Nebraska Furniture Mart, Inc.*, 567 F. App'x 640, 643 (10th Cir. 2014) (finding that "lawful actions to collect a judgment are within the reach of the FDCPA.").  This warrant was not issued for nonpayment of debt, but for failure to appear in the Tulsa County case.  There is no evidence in the record of any threats of imprisonment made against Mr. Kirby by the Defendants for nonpayment of debt.  Mr. Kirby fails to raise a genuine issue of material fact on this claim.

Nor is there any evidence in the record indicating that the proceedings in the Tulsa County case were a sham.  In Oklahoma, "sham legal process" refers to the use of an instrument that is not lawfully issued, and that purports to be "a summons, subpoena, judgment, arrest warrant, search warrant, or other order of a court or that purports to assert jurisdiction or authority over or determine or adjudicate the legal or equitable status, rights, duties, powers, or privileges of any person or property."  *Olson v. Cont'l Res., Inc.*, 109 P.3d 351, 355 (Okla. 2005) (citing OKLA. STAT. tit. 21, § 1533(H)(1)(a) and (b)).  The evidence submitted by Defendants indicate proper filings were made in the Tulsa County case against Mr. Kirby, and both the Tulsa County District Court and Oklahoma Court of Civil Appeals upheld judgment against Mr. Kirby.  (*See* Doc. Nos. 48-21, 55-1, 62-2).  Mr. Kirby has submitted nothing but unsubstantiated assertions to rebut

Defendants' evidence.  Accordingly, Defendants are entitled to summary judgment on this claim against them.

*\*\**

After consideration of the record and relevant law, the Court concludes there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law on all claims against them.  There is no evidence that Defendants violated the FDCPA in pursuing collection of Mr. Kirby's debt, and Plaintiffs have offered nothing more than unsubstantiated assertions and allegations in support of their claims.[2]  Accordingly, the Court grants summary judgment in Defendants' favor on all claims against them.

## II.      Plaintiffs' Motion for Summary Judgment

For the reasons explained above, the Court finds Defendants are entitled to summary judgment in their favor.  In their Motion for Summary Judgment, Plaintiffs rely entirely on Defendants' "deemed" admissions as a result of their failure to respond in a timely manner to Plaintiffs' Requests for Admission.  Based on Defendants' failure to respond to their Requests for Admissions, Plaintiffs argue Defendants have effectively confessed to violations of the FDCPA. Plaintiffs offer no independent evidence in support of their Motion for Summary Judgment.[3]

Shortly after Plaintiffs filed their Motion for Summary Judgment, Defendants filed a Motion to Withdraw or Amend Responses to Requests for Admissions.  (Doc. No. 57).  In their Motion, Defendants notified the Court that they filed their responses to Plaintiffs' Requests for

---

[2] In their Response brief, Plaintiffs rely in part on Defendants' "deemed" admissions.  For the reasons explained below in Part II, Plaintiffs are not entitled to rely on Defendants' "deemed" admissions in opposition to summary judgment.
[3] The Court will not consider Plaintiffs' affidavits in support of their Motion for Summary Judgment to the extent they are based only on the "deemed" admissions and are merely conclusory.  The Court will not consider affidavits that are "conclusory and self-serving." *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1201 (10th Cir. 2015) (quoting *Garrett v. Hewlett–Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002)).

Admissions one week late, and they sought an opportunity to withdraw or amend their responses. Plaintiffs did not respond to Defendants' Motion. Defendants' Motion was referred to Magistrate Judge T. Lane Wilson for disposition, and on November 28, 2016, Magistrate Judge Wilson granted Defendants' Motion. (Doc. No. 65). Because Defendants were permitted to withdraw or amend their responses to the requests for admission, Plaintiffs may not rely on Defendants' original untimely responses in support of their Motion for Summary Judgment. Because Plaintiffs offer no further grounds in support of summary judgment in their favor, their request for summary judgment is denied.

## CONCLUSION

For the reasons detailed above, Defendants' Motion for Summary Judgment (Doc. No. 48) is **GRANTED,** and Plaintiffs' Motion for Summary Judgment (Doc. No. 56), is **DENIED**. Plaintiffs' Second Application for an Extension of Time to Respond to Defendants' Motion for Summary Judgment (Doc. No. 58) is **DENIED**.

James H. Payne
United States District Judge
Northern District of Oklahoma